UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JACQUELINE L. LEECH,                    )
                                        )
                    Petitioner,         )
                                        )
        vs.                             )        Case No. 1:17CV00158 SNLJ
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set

aside or correct sentence by Jacqueline L. Leech, a person in federal custody. On

June 16, 2016, Leech pled guilty to the offense of Using Unauthorized Access Device

and, on September 13, 2016, this Court sentenced Leech to the Bureau of Prisons for a

term of 72 months on Counts 1, 2 and 3 to be served concurrently, a sentence above the

sentencing guideline range.  Leech's § 2255 action, which is based on several allegations

of ineffective assistance of counsel, is fully briefed and ripe for disposition.

## I. FACTS

### A. INDICTMENT

On February 18, 2016, Petitioner Jacqueline L. Leech (Leech) was charged in Counts

I, II and III with use of an unauthorized access device, in violation of 18 U.S.C. §

1029(a)(2) and § 1029(c)(1)(A)(i).

### B. PLEA AGREEMENT AND GUILTY PLEA

On June 16, 2016, Leech appeared with her attorney and pled guilty to Counts I, II

and III of the Indictment. Leech executed a Plea Agreement with her counsel and the Government. (Plea Ag., Doc. 41) Leech acknowledged "having voluntarily entered into both the plea agreement and guilty plea," and that "[she], is in fact, guilty." (Plea Ag. p. 14) Under the Plea Agreement, Leech acknowledged that her base offense level would be 6, pursuant to the United States Sentencing Guidelines (U.S.S.G.), and that several Specific Offense Characteristics applied:

> 8 levels should be added pursuant to Section 2B1.1(b)(1)(E), because the loss caused by defendant and sustained by the victims is more than $95,000 but not more than $150,000; (b) 2 levels should be added pursuant to Section 2B1.1(b)(2)(A), because the offense involved 10 or more victims; and (c) 2 levels should be added pursuant to Section 2B1.1(b)(11)(C)(i), because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification.

(Plea Ag. p. 7, Doc. 41)1[1]

The Plea Agreement noted that "[t]he defendant has been fully apprised by defense counsel of [her] rights concerning appeal and fully understands the right to appeal the sentence under Title 18 U.S.C. § 3742." (Plea Ag. p. 9) The parties waived all rights to appeal non-jurisdictional, non-sentencing issues, including any issues related to pretrial motions, discovery and the guilty plea. (Plea Ag. p. 9, Plea Tr. 8)) Leech waived all rights to appeal all sentencing issues other than Criminal History, so long as the Court accepted the plea, the U.S.S.G. Total Offense Level agreed therein, and sentenced Leech within or below that range. (Plea Ag. p. 9, Plea Tr. 8) During the plea hearing, Leech acknowledged that, if Leech was sentenced to a guideline or below guideline sentence,

---

[1] References to the Plea Agreement, Document 41, shall be designated as (Plea Ag. __), to the Presentence Investigation Report as (PSR &__), to the Plea Hearing Transcript as (Plea Tr. __), to the Sentencing Hearing Transcript as (S. Tr. __), and to Leech's 2255 Motion and Memorandum (Doc. 2), as (2255 Mot. Memo ____) .

the only thing she could appeal would be the determination about her "criminal history and nothing else." (Plea Tr. 9)

During her change of plea hearing, when asked if he was satisfied with the way Mr. Tilsen had handled her case, Leech replied "Yes." (Plea Tr. 4) Leech acknowledged to the Court that Mr. Tilsen had investigated the case to her satisfaction and that Mr. Tilsen had done everything she had asked him to do. (Plea Tr. 4-5) When asked if she had any "gripes or complaints whatsoever," Leech responded "No, sir." (Plea Tr. 5) In the Plea Agreement, Leech represented that she was satisfied with the representation she had received from Mr. Tilsen.

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(Plea Ag. 13)

Leech also indicated that she had read the Plea Agreement, had gone over it in detail with her attorney, that her attorney had explained the contents of the agreement in detail to her, and that she understood the agreement. (Plea Tr. 6-7) When asked if there was anything in the agreement that she did not understand, Leech replied "No, sir." (Plea Tr. 7) Relative to the application of the sentencing guidelines to her case, Leech acknowledged during the plea hearing that Mr. Tilsen had explained the sentencing guidelines to her. (Plea Tr. 9)

In the Plea Agreement, Leech also agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title

28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Plea Ag. 9)

## C. THE PRESENTENCE REPORT

The Presentence Report (PSR) provided that, as agreed in the Plea Agreement, Leech's Base Offense Level was 6, which was enhanced by 8 levels for loss exceeding $95,000 but not more than $150,000 ($111,220.64), enhanced by 2 levels since the offense involved 10 or more victims, and 2 more levels because the offense involved the unauthorized transfer or use of any means of an identification unlawfully to produce or obtain any other means of identification. (PSR &¶ 29-32).

A three level reduction for acceptance of responsibility brought her Total Offense Level to a 15. (PSR &&38-40) Leech's criminal history was extensive. Dating back to August, 1995, when she was 18, to October, 2009, Leech was convicted of 17 felony counts of forgery in 9 different cases. (PSR &&40, 45, 47, 49-51, 53, 56, 57, 65, 66). She also has felony fraud convictions. (PSR ¶¶ 54, 55) Her criminal history score based on her countable convictions was 31. Leech committed the indicted offense while under a criminal justice sentence for misdemeanor property damage, subjecting her to two additional points. (PSR ¶¶ 69, 72) Her total criminal history score was 33, which established a criminal history category of VI. (PSR ¶73). Based on a total offense level of 15 and a criminal history category of VI, Leech's guideline imprisonment range was 41 months to 51 months. (PSR ¶105)

## D. SENTENCING

Prior to sentencing Leech's counsel filed a Sentencing Memorandum asking the Court

to impose a sentence within the correctly calculated advisory guideline range of 41-51 months. (Doc. 46) In a separate Sentencing Memorandum, Leech's counsel referenced that Leech had met with law enforcement authorities and proffered on two separate occasions. (Doc. 47)

At the sentencing hearing on September 13, 2017, the Court referenced the Presentence Report (PSR), and adopted as its findings of fact the factual statements in the PSR. There were no objections to the PSR's recommendations that Leech's total offense level was 15, her criminal history category was VI, and that her guidelines range was 41-51 months. The Court adopted as its finding the PSR's sentencing guidelines calculation. (S. Tr. 2-3)

In making its recommendation, the Government referenced Leech's criminal history as "stunning in terms of the number of prior convictions," that her criminal history went from pages 8 to 24 of the PSR, and that there were 34 paragraphs of entries, with some paragraphs having multiple counts within a paragraph. (S. Tr. 3) There were 17 felony convictions just for forgery. (S. Tr. 4) The Government also referenced Leech's convictions for receiving stolen property, and her felony conviction for assault of a law enforcement officer. The Government referenced the guideline range of 41 to 51 months. Relative to cooperation, the Government acknowledged that "Ms. Leech has also sat down on multiple occasions and attempted to cooperate with the Government. Her cooperation did not amount to substantial assistance." (S. Tr. 4)

The Government asked the court for an upward variance to 72 months, taking into account her cooperation, and stated that "[h]ad she not attempted to cooperate I would

have asked for more time based on her criminal history and it simply being inadequate as a variance to properly hold Ms. Leech accountable for this particular offense that has a loss over – approximately a little over $100,000, . . ." (S. Tr. 5) According to the government, "she's indicated that if she's out of jail, she's going to be cheating people time and time and time again." (S. Tr. 5)

Leech's counsel referenced that Leech made an effort to cooperate, "to help the United States with respect to more than one other prosecution." (S. Tr. 8) In the separate Sentencing Memorandum, Leech referenced that she had twice met with law enforcement authorities. While acknowledging that it did not appear that Leech's cooperation would result in a substantial assistance departure motion being filed by the government, Leech's counsel argued that the Court should consider Leech's efforts to provide cooperation in determining her sentence. (Doc. 47)

Despite the arguments of Leech's counsel referencing her cooperation and asking for a guideline sentence, the Court disagreed with some of his assertions on her behalf.

> I acknowledge the things that your lawyer said. I have to disagree with quite a few of them. The prosecutor is right about your criminal convictions. I read your criminal history very closely. I counted 18 instead of 17 prior unrelated felony convictions. Either way that's the most I've seen except for one other case in my 21 years on the bench.

> Frankly, had it not been for your proffer I would have given you the full 10 years. Even with that my intention was to cut it down to maybe 96 months or so, but the Government has made a recommendation of 72 months, which will require an upward variance. If there was ever a case for an upward variance, this is it. Although your lawyer claims that there's -- there would be a disparity, there's no disparity if you considered 18 prior felony convictions. You've been to prison. You've been to jail. Needless to say, your criminal record is catching up to you.

The other problem too is that it's clear to the Court that you're just incorrigible. By that I mean whenever you're released you continue to commit the same types of crimes that you've done ever since you turned 18. They're all -- well, with the exception of an assortment of misdemeanors all of them involve fraud of some sort whether it's bad checks or otherwise.

(S. Tr. 10-11) Leech was sentenced to the 72 months imprisonment for each count, to be served concurrently, but consecutively to any other sentences imposed against her in any other court or jurisdiction. (S. Tr. 12)

At the conclusion of the sentencing hearing and having heard Leech's objections to the 72 month sentence, the Court repeated that Leech received a lenient sentence considering her criminal history.

Okay. Well, the Court overrules your objections. If anything, the Court's sentence was too lenient in a case of this sort with this kind of criminal history.

So with that, Ms. Leech, you know, while you're doing this time, get some more education, some more vocational training, so when you're released, you can be a useful and productive citizen and stay out of trouble.

It's obvious to the Court that you're plenty smart and can do most anything you want, and you just kept getting in trouble more so than most anybody I've ever seen. You've just got -- as long as that happens the sentences are going to be -- well, you're just -- you'll spend forever in jail, and I know you don't want to do that. So good luck to you.

**E. DIRECT APPEAL**

Leech did not file a direct appeal.

**F. MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.**

On September 13, 2017, Leech timely filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, alleging that she was denied effective assistance

of counsel in Grounds One, Two, Three, Four, and Five.

1.   In Ground One, Leech alleges that she was denied effective assistance of counsel because "defense counsels provided Constitutionally inadequate representation of counsel during the pretrial stage of the proceedings, including plea negotiations." (2255 Mot. Memo p. 4)

2.   In Ground Two, Leech alleges that she was denied effective assistance of counsel because "defense counsel provided inadequate representation of counsel by failing to file an appeal when he promised to do so." (2255 Mot. Memo p. 6)

3.   In Ground Three, Leech alleges that she was denied effective assistance of counsel because "defense counsel provided Constitutionally inadequate representation by failing to investigate the evidence presented to him by the Government." (2255 Mot. Memo p. 7)

4.   In Ground Four, Leech alleges that "defense counsel provided inadequate representation of counsel by failing to object to errors in the PSI/PSR prior to sentencing." (2255 Mot. Memo p. 9)

5.   In Ground Five, Leech alleges that "defense counsel provided inadequate representation of counsel by failing to pursue a 5K1.1 motion when he indicated that he would do so." (2255 Mot. Memo p. 9)

## II. APPLICABLE LAW

## A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.

28 U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the Petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the Petitioner to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. Section 2255 provides a remedy for jurisdictional and constitutional errors. A defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011), citing 28 U.S.C.A. § 2255(a).

In determining whether petitioner is entitled to an evidentiary hearing the court must consider "[a] petitioner's allegations … as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012), citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979), quoting *Hill*

*v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962). The court need not give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)

"No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007), quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). *See also United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (2255 "petition can be dismissed without a hearing if . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact").

## B. EFFECT OF GUILTY PLEA ON APPEALABLE ISSUES.

A defendant who enters a plea of guilty thereby waives his right to request relief under 28 U.S.C. § 2255 with the exception of those issues related to jurisdiction. "A valid guilty plea, however, 'operates as a waiver of all non-jurisdictional defects or errors.'" *United States v. Staples*, 435 F.3d 860, 864 (8th Cir. 2006), quoting *United States v. Vaughan,* 13 F.3d 1186, 1188 (8th Cir. 1994).

When a guilty plea is delivered by the Petitioner, the focus of a collateral attack must remain "limited to the nature of counsel's advice and the voluntariness of the plea." *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), quoting *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608 (1973). "[A] guilty plea operates as a break in the

chain of events . . . of the criminal process… [a criminal defendant] may not thereafter raise independent claims relating to deprivation of constitutional rights that" antedated the plea. *Tollett*, 411 U.S. at 267.

Only the voluntary and intelligent character of the guilty plea may be attacked. *Id*. Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit has applied it to motions under Section 2255. *Bass*, 739 F.2d at 406.

"The binding nature of the plea thus depends on the fact that it is made 'voluntarily after proper advice' and with an understanding of the consequences." *United States v. Frook*, 616 F.3d 773, 775 (8th Cir. 2010). Even a defendant's reliance on his counsel's opinion as to the calculation of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly and voluntarily pleaded guilty. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir. 1982).

## C. CLAIMS ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL.

To prevail on a claim alleging ineffective assistance of counsel, the Petitioner must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the Petitioner must first show that the counsel's performance was deficient. *Id*. at 687. This requires the Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the Petitioner must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The Petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) (quotations omitted). The Eighth Circuit has also described the *Strickland* test as follows: "whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the "court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland*, 466 U.S. at 688. A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting

**United States v. Staples**, 410 F.3d 484, 488 (8th Cir. 2005).

## III. DISCUSSION

**A. LEECH'S COUNSEL WAS NOT INEFFECTIVE IN THAT LEECH'S COUNSEL PROVIDED MORE THAN ADEQUATE AND VERY EFFECTIVE REPRESENTATION DURING ALL STAGES OF LEECH'S CASE, INCLUDING DURING THE PRETRIAL STAGE OF THE PROCEEDINGS AND PLEA NEGOTIATIONS**.

Leech's counsel was not ineffective. In her supporting argument for Ground One, Leech complains that her attorney "from the onset of Petitioner's case failed to appreciate Petitioner's legal circumstances and do the necessary pre-trial preparation, including the filing of vigorous pre-trial motions attacking jurisdiction, and the indictment, to lay the groundwork for a favorable plea agreement." (2255 Mot. Memo p. 4) Illustrating how untethered Leech's Motion is to the actual facts of Leech's case, Leech claims that her counsel "induc[ed] her to plea guilty to a crime at a time where the prosecutor would consent himself to nothing less than a life sentence." (2255 Mot. Memo p. 5) Leech also claims in her Motion that"[i]n this instance, as a result of defense counsel's constitutionally inadequate representation, Petitioner was induced to plead guilty and received a life sentence." (2255 Memo Mot. p. 6) Such blatant misrepresentation is refuted by the record in this case. First, the statutory maximum for each of the three counts against Leech was ten years, which was stated in the Plea Agreement, and by the Court at the Plea Hearing. (Plea Ag. p. 6; Plea Tr. p. 10) Secondly, the government recommended a total sentence of 72 months, six years, for Leech's offenses. (S. Tr. 4) Thirdly, Leech did not receive a life sentence; she instead was sentenced to six years.

Leech also claims that her counsel wrongfully represented to her that "she would not

receive more than a 41 to 51 month year sentence, and that the government had agreed that under the facts of the case and the plea agreement that extensive imprisonment was not warranted." This allegation is refuted by Leech's plea agreement, where Leech acknowledged that she agreed "that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a)." (Plea Ag. p. 2) In addition, consistent with the plea agreement, the Court advised Leech that the sentencing guidelines were "simply guidelines. And by that I mean I can a sentence against you that's above the guidelines or a sentence that's below the guidelines: Do you understand that too?" (Plea Tr. 10) Leech responded, "Yes." *Id*. If Leech had been advised that she would not receive more than 51 months, she had ample opportunity to say so at the plea hearing. However, Leech acknowledged to the Court that she understood the Court could impose a sentence above the guidelines.

Leech makes general allegations of deficiencies on the part of her attorney, but fails to state exactly how any of her complaints affected her case. Leech fails to identify specifically what errors her counsel made, and how, absent such errors, her sentence would have been different. Leech broadly claims that her counsel should have filed "vigorous pre-trial motions attacking jurisdiction, and the indictment, to lay the groundwork for a favorable plea agreement." This broad, general allegation fails to show how the Court lacked jurisdiction, or what infirmities existed in the three count Indictment, that her counsel could have attacked. Leech attacks her plea agreement as

unfavorable, but the record shows that her plea agreement was favorable to her. Her counsel did not file the frivolous motions Leech now says, after the fact, should have been filed. Her plea agreement obtained for her three points for acceptance of responsibility. Had Leech contested the jurisdiction of the court or the legality of the indictment, Leech would have been in jeopardy of losing at least the third acceptance point for timely notifying the Government of her intention to plead guilty. See Plea Ag. pp. 7-8. Frivolously contesting matters would have likely resulted in a less favorable sentence for Leech, and certainly not a more favorable sentence.

Leech's complaints are so general, so lacking in factual support, and so deficient, that it would be difficult for this Court to conduct a meaningful review of Leech's claims. Any claimed failure on the part of Leech's attorneys must be supported by factual allegations in Leech's § 2255 Petition, which she has failed to do. In the absence of such specific allegations, Leech's claim for relief on these grounds should be denied. *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978).

Leech makes reference to an Affidavit in her 2255 Motion, asserting that her contact with her counsel prior to the plea hearing was minimal. However, this Court cannot locate an Affidavit filed by Leech. Her unsworn and unsubstantiated claims should be disregarded. Her claim on this ground has been refuted by the record.

Under *Strickland*, in Ground One Leech must first show that her counsel's performance was deficient. Leech has not shown that her counsel made any errors supporting her claim that he failed to negotiate a favorable plea agreement. Leech fails to show "that counsel made errors so serious that counsel was not functioning as the

15

'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Secondly, even if Leech established inadequate representation by her counsel in Ground One, Leech has failed to demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Leech has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors," she would have received a lower sentence. *Id*. at 694. Leech completely fails to show how she was prejudiced by any claimed inadequacies by her counsel. Leech does not, and cannot, establish that she would have received a lower sentence had her counsel filed frivolous motions attacking the jurisdiction of the Court over her offenses, or the legality of the Indictment. Leech's above guideline sentence is not the fault of her counsel. Her counsel, in arranging and participating in proffers, preparing two sentencing memorandums, and advocating for a lenient sentence based in part on her cooperation, provided Leech with extraordinarily effective representation. Leech's sentence is based primarily on the nature of her offenses, and her extraordinary criminal history of nearly 20 prior felony convictions, resulting in a criminal history score of 33 points, 20 more than necessary to qualify for a criminal history category of VI.

Accordingly, Leech's claim for ineffective assistance of counsel as stated in Ground One is devoid of merit, is refuted by the record, and will be denied.

**B. LEECH'S COUNSEL WAS NOT INEFFECTIVE REGARDING LEECH'S DECISION TO FOREGO FILING AN APPEAL, BUT LEECH IS ENTITLED TO A HEARING RELATIVE TO WHETHER SHE INSTRUCTED HER COUNSEL TO FILE AN APPEAL**

In Ground Two, Leech claims that she made it clear to her counsel that she wished to

file an appeal of her sentence. (2255 Mot. Memo p. 6) She correctly states that her Plea Agreement did not preclude her from appealing her sentence since it was above the advisory guidelines.

Failing to file a notice of appeal after a client instructs his attorney to do so constitutes ineffective assistance of counsel. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). In such circumstances, the Petitioner need not show prejudice or likelihood of success on appeal. *Id.* However, Leech must establish that she instructed her counsel to file an appeal. "A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.*, citing *Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir.1992) (per curiam). Leech was also advised at sentencing by the Court that she had a right to appeal her conviction and sentence, and that her notice of appeal had to be filed within fourteen days. (S. Tr. 18) After she was sentenced, Leech was specifically advised of her appellate rights by the Court, and the importance of timely filing a Notice of Appeal.

> THE COURT: I have to advise you now that you do have a right to appeal from this sentence, but you have to bring your appeal within 14 days. Failure to appeal within the 14-day period will be a waiver of your right to appeal. You're also entitled to assistance of counsel in taking an appeal. And if you can't afford a lawyer, one will be appointed to represent you. Do you understand you have that right to appeal?

> THE DEFENDANT: Yes, sir.

(S. Tr. 18) Leech indicated she understood that she had the right to appeal.

A hearing is generally required to resolve the factual issue of whether the petitioner in a Section 2255 proceeding had directed her trial counsel to file an appeal. *Estes v. United*

*States*, 883 F.2d 645, 649 (8th Cir. 1989). A hearing was required even though an affidavit by trial counsel was submitted by the government denying that he had been instructed to file a direct appeal by Estes, because the record did not conclusively show that Estes was not entitled to relief. *Id*. at 648-49. Accordingly, Leech is entitled to an evidentiary hearing on the issue of whether she advised her attorney to file a notice of appeal.

If an evidentiary hearing is ordered, counsel should be appointed for Leech prior to the hearing. *Roney v. United States*, 205 F.3d 1061 (8th Cir. 2000); Rule 8(c), Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")

## C. LEECH'S COUNSEL WAS NOT INEFFECTIVE RELATIVE TO INVESTIGATING THE EVIDENCE PRESENTED TO HIM BY THE GOVERNMENT

For Ground Three, Leech claims that her counsel provided Constitutionally inadequate representation by failing to investigate the evidence presented to him by the government. (2255 Mot. Memo p. 7) Leech again falsely restates the claim that she received a life sentence. Leech complains that her attorney's failure to adequately investigate her case caused her to receive a life sentence. She claims that "[c]lear in cause, that level of investigation was not performed by defense counsel, to petitioner's extreme prejudice, resulting in receiving a much longer sentence than he represented would be the case. life sentence." (2255 Mot. Memo p. 8) Leech's claim is directly refuted by the record. As for the claim that defense counsel failed to file a request for,

18

and obtain, pretrial discovery, that is also directly contradicted by the record. Leech's counsel filed a request for pretrial discovery on March 11, 2016, as reflected in Document 20, which the Government responded in its Response to Discovery on March 16, 2016, as reflected in Document 21. The government provided numerous documents referenced in its Response to Leech's counsel. Prior to Leech's counsel requesting discovery from the government, on March 11, 2016, in response to the Court's Order Concerning Rule 12(b) Disclosure, the government provided a substantial amount of discovery documents to Leech's counsel, as identified in Document 18. This Court incorporates by reference herein, the Government's Responses to directives and requests for discovery set forth in Documents 18 and 21.

Leech's claim that her counsel failed to investigate the amount of proof the government had against her is refuted by the record. In addition, Leech fails to specifically identify what evidence her counsel would have, or could have obtained, to indicate she was not guilty of the indicted offenses. As indicated in numbered paragraph 4 of the Plea Agreement, pages three through six, the evidence of Leech's guilt of the indicted offenses, Counts I, II and III, was overwhelming. In addition to signing the Plea Agreement, Leech conceded at the plea hearing that everything contained in the Plea Agreement was true and correct. (Plea Tr. p. 14)

Leech admitted in her Plea Agreement and at her plea hearing, that she was satisfied with Mr. Tilsen's efforts to investigate her case. During her change of plea hearing, when asked if she was satisfied with the way Mr. Tilsen had handled her case, Leech replied "Yes." (Plea Tr. 4) Leech acknowledged to the Court that Mr. Tilsen had investigated the

case to her satisfaction and that Mr. Tilsen had done everything she had asked him to do. (Plea Tr. 4-5) When asked if she had any "gripes or complaints whatsoever," Leech responded "No, sir." (Plea Tr. 5) In the Plea Agreement, Leech represented that she was satisfied with the representation she had received from Mr. Tilsen.

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

(Plea Ag. 13)

Leech's claim that her counsel failed to properly obtain discovery fails the first prong of *Strickland*. She has failed to show that her counsel was ineffective in investigating her case. Even if counsel had been ineffective in obtaining discovery, the government's proof Leech's guilt was overwhelming. Thus Leech cannot show any prejudice from actions of her counsel. Accordingly, Leech's claim fails to show prejudice as required by *Strickland*.

### D. LEECH'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBJECT TO ERRORS IN THE PRESENTENCE REPORT

In her Fourth Claim of ineffective assistance of counsel, Leech claims that her counsel "failed to meet with petitioner prior to the sentencing hearing to go over the details of her Pre-Sentence Investigation Report. Had he done so, petitioner would have pointed out to him various errors in the previous arrest portion of that document that raised her sentence exposure unnecessarily." This claim is similarly devoid of merit. Leech fails to identify one conviction referenced in her Presentence Report that was erroneously included. As

stated previously, Leech had 17 prior felony convictions for forgery, in addition to other felony convictions. Her criminal history score was 33, 20 points more than necessary to qualify her for the highest criminal history category of VI. Even if several of Leech's convictions had been erroneously included, Leech still would have had a criminal history category of VI.

Leech's failure to identify even one felony conviction that was erroneously included in her Presentence Report is fatal to her claim. There is no specific showing that her counsel was ineffective in contesting any of the score of Leech's convictions. Leech's failure to allege specifically how her prior convictions referenced in the Presentence Report were invalid fails the first prong of the *Strickland* requirements. Leech fails to allege how her counsel was deficient in failing to attack her convictions—convictions that were valid as a matter of public record. In addition, there is no showing of prejudice because there is no allegation, much less showing, that any of Leech's prior felony convictions were erroneously included in her Presentence Report. Even if a few of Leech's prior convictions were found to be invalid, she had plenty to spare to justify the Court imposing a sentence above the Guidelines for the indicted offenses involving fraud.

### E.  LEECH'S COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO PURSUE A 5K1.1 MOTION

Leech claims in her Fifth Ground that her counsel provided inadequate representation by failing to pursue a Section 5K1.1 motion for sentence reduction. (2255 Mot. Memo p. 9) This claim is also refuted by the record, and is devoid of merit. As indicated previously, Leech was twice interviewed by the government relative to her efforts to

provided substantial assistance to the government. (Doc. 47) Her efforts, however, fell short of substantial assistance to the government in the investigation or prosecution of another person who has committed an offense, as required by Section 5K1.1. (S. Tr. 4) Only the government can file a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1, not her counsel.

Mr. Tilsen brought to the Court's attention that Leech proffered with the government on two occasions. He referenced that Leech made an effort to cooperate, "to help the United States with respect to more than one other prosecution." (S. Tr. 8) In a separate Sentencing Memorandum, Mr. Tilsen referenced that Leech had twice met with law enforcement authorities. While acknowledging that it did not appear that Leech's cooperation would result in a substantial assistance departure motion being filed by the government, Leech's counsel argued that the Court should consider Leech's attempts to provide cooperation in determining her sentence. (Doc. 47) And, at sentencing, the Court did just that.

Mr. Tilsen's argument at sentencing that Leech was entitled to a reduction in her sentence for cooperating with the government, was very persuasive to the Court, even though the government had not filed a motion pursuant to §5K1.1. Instead of imposing a sentence of ten years, the Court imposed a sentence of six years based on her proffer, stating "[f]rankly, had it not been for your proffer I would have given you the full 10 years. Even with that my intention was to cut it down to maybe 96 months or so, but the government has made a recommendation of 72 months, which will require an upward variance. If there was ever a case for an upward variance, this is it." (S. Tr. 11)

Leech's claim that Mr. Tilsen was ineffective for failing to pursue a §5K1.1 reduction is refuted by the record. Instead of being ineffective in achieving a sentence reduction for Leech based on her cooperation that was not substantial assistance to the government, Mr. Tilsen was extraordinarily effective on Leech's behalf in obtaining a sentence of six years, instead of a sentence of ten years the Court would have otherwise imposed. Leech fails to allege how her counsel was deficient in failing to obtain a reduction in her sentence for cooperation, a benefit she had not earned and was not entitled to receive. In addition, there is no showing of prejudice because there is no reasonable probability that Leech's sentence would have been less than the six-year sentence she received. Leech received a significant break for proffering with the government, a break given to her as if she had provided substantial assistance to the government, even though she had not done so.

## CONCLUSION

For the foregoing reasons, the motion filed by Movant Jacqueline L. Leech is dismissed without an evidentiary hearing, except as to her claim that she instructed her counsel to file an appeal of her sentence. Except for that claim the record conclusively refutes Leech's allegations of ineffective assistance of counsel on each point raised by Leech in her 2255 motion. Secondly, Leech cannot demonstrate prejudice by any alleged errors by her counsel, in that there is no reasonable probability that Leech would have received a sentence lower than six years, in light of her extraordinary criminal history. Leech's allegations of ineffective assistance of counsel fail both prongs of the *Strickland* test. Leech received very effective assistance of counsel at all stages of the proceedings

against her, by a very able, experienced and competent attorney.  A hearing on the claim that she instructed her counsel to file an appeal will be scheduled forthwith.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Leech has not made a substantial showing of the denial of a federal constitutional right.

Dated this 2nd day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE